UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD RAY EVANS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 1009 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Donald Ray Evans seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. On April 1, 2004, Evans pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Case No. 4:03CR750 RWS. The Probation office filed a Presentence Investigation Report ("PSR") concluding that Evans was a career offender under the federal Sentencing Guidelines. United States Sentencing Commission, Guidelines Manual § 4B1.1 (U.S.S.G.). I sentenced Evans as a career offender to 180 months' imprisonment on April 7, 2005. Evans appealed, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence on September 26, 2006. [Doc. # 79 in Case No. 4:03CR750 RWS].

Evans was given career offender status due to his prior crimes of violence, i.e., burglary. The Guidelines defined the term "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term

exceeding one year, that . . . *otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(a)(2). The italicized language is known as the residual clause. *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). Evans contends that his burglary convictions fell within the scope of the residual clause of § 4B1.2 of the Guidelines. U.S.S.G. § 4B1.2(a)(2).

In *Johnson v. United States*, the Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984 (the "ACCA"), 18 U.S.C. § 924(e)(1), was unconstitutionally vague and therefore void pursuant to the Due Process Clause of the Fifth Amendment. 135 S. Ct. 2551, 2557 (2015). Citing *Johnson*, Evans argues that the identically worded residual clause of Guidelines § 4B1.2(a)(2) is also unconstitutionally vague and that his sentence should be vacated and corrected.

However, the Supreme Court recently rejected this argument and held that the advisory Sentencing Guidelines, including the residual clause of § 4B1.2(a), are not subject to vagueness challenges under the Due Process Clause. *Beckles,* 137 S. Ct. at 890. Evans was sentenced on April 7, 2005, *after* the Guidelines were deemed advisory by the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005). At Evans' sentencing hearing, I explicitly applied the advisory Sentencing Guidelines as required by *Booker*:

> THE COURT: Mr. Evans, based upon the application of the sentencing guidelines to the facts of your case, you have a total offense level of 29 and a criminal history category of 6. The guideline ranges which apply to you are 151 to 188 months; supervised release of two to three years; a fine or $15,000 to $150,000, restitutions in the amount, which is mandatory, in the amount of $2,624.22. And there is a special assessment today in the amount of $100 on each count for a total of $200.
>
> Now, when you first pled guilty, that would have been the end of the discussion, **but since that time the United States Supreme Court has said the guidelines are advisory and not mandatory, and that I am to fashion a sentence that is reasonable under the statutes, that is, 18 U.S.C. 3553(a), and whatever sentence I impose should reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, protect the public from further crimes by you, provide you with any needed educational or vocational training or medical care. I'm to consider the nature and circumstances of the offense, and your personal history and characteristics, which are kind of, you know, intertwined with the guidelines at that point, the kind of sentences available, and I'm to avoid unwanted sentencing disparities among defendants who essentially have the same history and have committed the same crimes.**

[Doc. # 64 at 10-11 in Case No. 4:03CR750 RWS] (emphasis supplied). Because Evans was sentenced under the advisory Guidelines, *Beckles* bars his claim. 137 S. Ct. at 890 (holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause . . . ."). Evans' § 2255 motion is denied.

As Evans has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable

jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Donald Ray Evans' motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Evans has not made a substantial showing of the denial of a federal constitutional right.

                                             RODNEY W. SIPPEL
                                             UNITED STATES DISTRICT JUDGE

Dated this 17th day of May, 2018.